**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| AARON S. TAGUE, ) | |
| ) | |
| Petitioner, ) | |
| v.  ) | No. 2:10-cv-135-WTL-TAB |
| ) | |
| SHERIFF, Montgomery County, ) | |
| ) | |
| Respondent.[1] ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The action is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

Habeas petitioner Aaron S. Tague alleges in his petition for writ of habeas corpus that Indiana authorities improperly revoked his parole with respect to a sentence he received in Montgomery County in 2008 following his conviction of a drug offense.[2]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004)(internal quotations and citations omitted).

The critical feature of the petitioner's claim is his contention that his parole was improperly revoked. Such a claim can in fact be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that

---

[1]The petitioner's custodian, named in his or her official capacity only, is **substituted** as the sole and proper respondent in this action.

[2]The petitioner's request for a file-stamped copy of his petition and exhibits is **granted**. The clerk shall include a copy of these documents (dkt 1) with the petitioner's copy of this Entry.

*Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . *that his sentence has expired*, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief") (emphasis added). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1,10 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Teague to proceed with his claims in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 05/18/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**